```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**JOSHUA DANIELS,**

       Plaintiff,

v.                      Civil Action No. 2:20-CV-00779

**CITY OF SOUTH CHARLESTON,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant City of South Charleston's ("the City") Motion for Summary Judgment (ECF 21), filed September 27, 2021. Plaintiff Joshua Daniels responded (ECF 23) in opposition on October 12, 2021, to which the City replied. (ECF 24).

### I. Background

Mr. Daniels instituted this action on August 12, 2020, in the Circuit Court of Kanawha County. See ECF 1-1. On November 30, 2020, the City removed the action to this court based on federal question jurisdiction. See ECF 1. The complaint alleges the following.

On August 11, 2018, Mr. Daniels and his friend became intoxicated after drinking at a local party and decided to

"sleep it off" inside of Mr. Daniels' vehicle, which was parked at a gas station. See ECF 1-1, ¶¶ 8-9. After receiving permission from the gas station, Mr. Daniels and his friend fell asleep in the parked vehicle. See id., ¶ 10. Thereafter, the South Charleston Police Department received a telephone call from a delivery driver that had arrived at the gas station. See id., ¶ 11. The driver informed the police that two men were asleep in their vehicle, and he was unable to wake them. See id. Police and firefighters were dispatched to the scene where officers "forcefully entered" Mr. Daniels' vehicle and twice administered him Narcan. See id., ¶¶ 12-13. Mr. Daniels was then handcuffed and transported to Thomas Memorial Hospital via ambulance, and his vehicle was towed. See id., ¶ 13.

Upon Mr. Daniels' arrival at Thomas Memorial, he attempted to explain to the officers that he had not taken illicit drugs and did not need to visit the emergency room. See id., ¶ 15. Given that Mr. Daniels had not overdosed, the effect of the Narcan made him "very anxious and energetic", and he was talking "loudly and nervously" as a result. See id., ¶¶ 14-15. The police warned Mr. Daniels that he would be arrested if he did not "quiet down and stop using profane language." See id., ¶ 16. Mr. Daniels continued to question his arrest and refused to sign medical forms inasmuch as he believed he was being

wrongfully detained inside of the emergency room. See id. Mr. Daniels alleges he attempted to leave the hospital but "was violently and forcefully assaulted by the officers present" and arrested for disorderly conduct and obstructing an officer. See id., ¶ 17.

As a result of these allegations, Mr. Daniels brought suit against the City and three individual officers employed by the South Charleston Police Department. The complaint alleges the following claims: Count I – a state law claim for intentional infliction of emotional distress against the individual officers, and Count II – a 42 U.S.C. § 1983 claim for excessive force/cruel and unusual punishment and municipal liability.

On August 16, 2021, the court dismissed the individual officers and the claims against them upon concluding Mr. Daniels had failed to plausibly allege (1) any outrageous conduct that would support his IIED claim, and (2) any violation of his Fourth Amendment[1] rights that would support his Section 1983 claim. See ECF 18. Nonetheless, the court permitted Mr.

---

[1] In its memorandum opinion and order, the court recognized that Mr. Daniels had brought his excessive force claim under the Eighth Amendment but construed the claim as if it had been properly asserted under the Fourth Amendment. See ECF 18 at 9.

Daniels' municipal liability claim against the City to proceed, and it is the sole remaining claim in this action.

As to the municipal liability claim, the complaint alleges that the constitutional violation of Mr. Daniels' Fourth Amendment rights was "caused by implementation of a custom, policy, or official act of the South Charleston Police Department employees including, but not limited to, their ongoing use of force and cruel and unusual punishment while detaining individuals." ECF 1-1, ¶ 28. The complaint further alleges that "[t]he use of excessive force has been employed against multiple West Virginia citizens on multiple occasions within the past five years" and that "[t]he inappropriate use of force has been sanctioned by supervisors and is condoned by supervising personnel." Id.

On September 27, 2021, the City filed the instant motion contending summary judgment is warranted inasmuch as Mr. Daniels has failed to produce any evidence of an unconstitutional policy, custom, or practice of the City to hold it liable under a municipal liability theory. The City further contends that in light of the court's previous dismissal of the claim against the individual officers in which the alleged constitutional violation occurred, Mr. Daniels cannot establish that he suffered a constitutional deprivation. As a result, the

4

City contends Mr. Daniels' municipal liability claim fails as a matter of law.

Regarding the City's contention that his claim fails in the absence of an underlying constitutional violation, Mr. Daniels responds that the court's previous ruling merely "found that the Complaint was not sufficiently pled to sustain a claim for Constitutional violations, not that the individual defendants in fact did not violate [his] constitutional rights." ECF 23 at 3. Mr. Daniels further asserts that he has produced sufficient evidence that the City has engaged in a policy, custom, and/or practice that led to the use of excessive force against him.

Specifically, he asserts that "[t]here have been numerous examples of excessive force against WV Citizens (sic) over the years, many of which have resulted in civil actions brought into this Court." Id. at 4. In support of this contention, Mr. Daniels cites to four separate actions[2] filed in this District alleging similar claims against the City and attaches three of the four complaints filed therein to his

---

[2] Mr. Daniels cites to the following actions: Jarvis v. Thomas, et al., No. 2:00-cv-00384 (S.D.W. Va.); Lee v. City of South Charleston, et al., No. 2:08-cv-0289 (S.D.W. Va.); Davis v. Thompson, et al., No. 2:14-cv-20467 (S.D.W. Va.); and Means v. Peterson, et al., No. 2:20-cv-00561 (S.D.W. Va.).

response. See id. at 7-23. He contends that these actions create "at the very least a genuine dispute of material fact as to whether there is a policy or custom that caused [his] constitutional deprivation." Id. at 5.

## II. Governing Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208, 216 (4th Cir. 2016) (quoting Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993)).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." Tolan v. Cotton, 572 U.S. 650, 657 (2014) (internal quotation marks omitted); Variety Stores, Inc. v. Wal-Mart Stores, Inc., 888 F.3d 651, 659 (4th Cir. 2018). "The court . . . cannot weigh the evidence or make

credibility determinations." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 569 (4th Cir. 2015); see also Lee v. Town of Seaboard, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

### III. Discussion

To succeed on a Section 1983 claim against a municipality, a plaintiff must demonstrate a constitutional violation resulting from an official policy, practice, or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Indeed, "for Section 1983 liability to extend to a [municipality], the [municipality's] policy or custom must be the 'moving force' that resulted in the constitutional violation." Weigle v. Pifer, 139 F. Supp. 3d 760, 787 (S.D.W. Va. 2015) (quoting Monell, 436 U.S. at 694). Importantly, however, "supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional violation at the hand of the individual . . . officer,' at least in suits for damages." Waybright v. Frederick County, MD, 528 F.3d 199, 203

(4th Cir. 2008) (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); see also Evan v. Chambers, 703 F.3d 636, 655 (4th Cir. 2012) (noting the plaintiff's claims against the municipality "require a predicate constitutional violation to proceed.").

The court concludes that Mr. Daniels' municipality claim against the City for damages fails as a matter of law given the court's prior dismissal of the predicate excessive force claim against the individual officers. See ECF 18. In its previous opinion, the court concluded Mr. Daniels' complaint failed "to plausibly allege that the named individual defendants used any force against [Mr. Daniels]." Id. at 10. Our court of appeals has made clear that where "there are no underlying constitutional violations by any individual, there can be no municipal liability." Grayson v. Peed, 195 F.3d 692, 697 (4th Cir. 1999); see also Young v. City of Mount Ranier, 238 F.3d 567, 579 (4th Cir. 2001) (recognizing a Section 1983 claim for municipal liability cannot succeed "where there is no underlying constitutional violation by the employee."); Ryu v. Whitten, 684 F. App'x 308, 311 (4th Cir. 2017) (concluding that "because there was no Fourth Amendment violation, both [plaintiff's] Fourth Amendment claim against Whitten in his individual capacity and his Monell claim against Warren County fail.");

Peters v. Caplan, 672 F. App'x 327, 328 (4th Cir. 2017) (concluding the plaintiff "failed to allege a deprivation of constitutional right, so his claim against the City must fail as well.").

Accordingly, Mr. Daniels claim against the City fails as a matter of law and summary judgment is warranted on this basis. See Heller, 475 U.S. at 799 (holding "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.").[3]

Even assuming Mr. Daniels' municipal liability claim would be viable in the absence of a predicate constitutional violation, he has failed to present sufficient evidence of any policy, custom, or practice of the City that caused the alleged

---

[3] Mr. Daniels asserts that "the finding in Heller has been scrutinized and narrowed by years of case law." ECF 23 at 3. In support of this contention, Mr. Daniels cites to Fairley v. Luman, 281 F.3d 913, 917 (9th Cir. 2002), a per curiam decision outside of this circuit. Notwithstanding the non-binding effect of this decision, Mr. Daniels fails to acknowledge that the court in Fairley concluded that the "[e]xoneration of [the officer] of the charge of excessive force precludes municipal liability for the alleged unconstitutional use of such force. To hold the City liable for [the officer's] actions, [the court] would have to rely on the § 1983 respondeat superior liability specifically rejected by Monell." 281 F.3d at 917. Thus, Mr. Daniels' reliance on Fairley is misplaced.

constitutional deprivation.  As previously noted, Mr. Daniels attempts to establish the existence of a widespread policy or custom by citing to four complaints filed against the City and its officers in other actions.  Mr. Daniels fails to recognize, however, that none of these lawsuits were successful against the City on the merits.[4]  As explained by the United States District Court for the Eastern District of New York:

> the mere fact that a number of lawsuits have been filed, without any information as to whether the suits are meritorious or spurious, or alternatively, any evidence that the municipality ignored such complaints such that it constituted deliberate indifference to any potential problem of excessive force, does not assist a fact-finder in determining whether the [municipality] actually has a historical problem of its police officers using unconstitutionally excessive force in the performance of their duties.

Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 346 (E.D.N.Y 2006) (collecting cases); see also Polk v. Mecklenburg County,

---

[4] Indeed, in Jarvis v. Thomas, et al., No. 2:00-cv-00384 (S.D.W. Va.), the claims against the City of South Charleston were dismissed at summary judgment, and the remainder of the case was settled.  See ECF 71, 85.  In Lee v. City of South Charleston, et al., No. 2:08-cv-0289 (S.D.W. Va.), the claims against the City of South Charleston were likewise dismissed at summary judgment, and the remainder of the case was settled.  See ECF 70; 98.  In Davis v. Thompson, et al., No. 2:14-cv-20467 (S.D.W. Va.), the plaintiff's case against the City of South Charleston and the individual officers was dismissed for failure to prosecute.  See ECF 42.  Lastly, in Means v. Peterson, et al., No. 2:20-cv-00561 (S.D.W. Va.), the court dismissed the Section 1983 claims against the City of South Charleston.  See ECF 16.

Civil Action No. 3:20-cv-00483, 2021 WL 2636015 *4 (W.D.N.C. June 25, 2021) (stating "citation to lawsuits is not equivalent to offering [evidence] of municipal policy or custom, particularly when the lawsuits result in no liability for the defendant."); <u>Fry v. Lincoln County Commission</u>, Civil Action No. 2:20-cv-00403, 2021 WL 243864 *8 (S.D.W. Va. Jan. 25, 2021) (concluding "[a] passing reference to an isolated lawsuit in which no liability was established or admitted is hardly sufficient to support a failure-to-train <u>Monell</u> claim"). The court thus concludes that Mr. Daniels has failed to present sufficient evidence to support his municipal liability claim against the City.

### IV. Conclusion

Based upon the foregoing discussion, the City's Motion for Summary Judgment (ECF 21) is GRANTED and this action is DISMISSED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 8, 2021

John T. Copenhaver, Jr.
Senior United States District Judge